JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____ NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $50,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JANIECE EISENHART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HSNi, LLC and | : | NO. |
| ALLSTAR MARKETING GROUP, LLC | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                          ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                  ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                     ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| May 13, 2020 | Warren F. Sperling | Defendants |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 665-3334 | (215) 561-6661 | sperling@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    _____
                                 *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☐  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
       *(Please specify): _____*

**B.**  *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify): _____*
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
       *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _____    _____    _____
                                 *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**APPENDIX G**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

```
                              :
                              :
            V.                :          Civil Action
                              :          No: _____
ALLSTAR MARKETING GROUP, LLC  :
```

### DISCLOSURE STATEMENT FORM

Please check one box:

❏          The nongovernmental corporate party, _____
            , in the above listed civil action does not have any parent corporation and
            publicly held corporation that owns 10% or more of its stock.

❏          The nongovernmental corporate party, _____
            , in the above listed civil action has the following parent corporation(s) and
            publicly held corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____


_____          _____
            Date                                          Signature

                        Counsel for:   Defendants _____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)     WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
        two copies of a disclosure statement that:

        (1)     identifies any parent corporation and any publicly held corporation
                owning10% or more of its stock;  or

        (2)     states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:

        (1)     file the disclosure statement with its first appearance, pleading,
                petition, motion, response, or other request addressed to the court;
                and

        (2)     promptly file a supplemental statement if any required information
                changes.

**APPENDIX G**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| | : | |
| | : | |
| V. | : | Civil Action |
| | : | No: _____ |
| ALLSTAR MARKETING GROUP, LLC | : | |

## DISCLOSURE STATEMENT FORM

Please check one box:

❏         The nongovernmental corporate party, _____
, in the above listed civil action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

❏         The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and
publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

_____          _____
Date                                                     Signature

Counsel for:   Defendants _____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)      WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
two copies of a disclosure statement that:

(1)      identifies any parent corporation and any publicly held corporation
owning10% or more of its stock;  or

(2)      states that there is no such corporation.

(b)  TIME TO FILE; SUPPLEMENTAL FILING.  A party must:

(1)      file the disclosure statement with its first appearance, pleading,
petition, motion, response, or other request addressed to the court;
and

(2)      promptly file a supplemental statement if any required information
changes.

**APPENDIX G**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
|  | : |  |
|  | : |  |
| V. | : | Civil Action |
|  | : | No: _____ |
| ALLSTATE MARKETING GROUP, LLC | : |  |

### DISCLOSURE STATEMENT FORM

Please check one box:

❏          The nongovernmental corporate party,  _Allstate Marketing Group, LLC_
, in the above listed civil action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

❏          The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and
publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

_____
Date                                              Signature

                    Counsel for:  Defendants _____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)   WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
         two copies of a disclosure statement that:
         (1)   identifies any parent corporation and any publicly held corporation
                 owning10% or more of its stock;  or

         (2)   states that there is no such corporation.

(b)  TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
         (1)   file the disclosure statement with its first appearance, pleading,
                 petition, motion, response, or other request addressed to the court;
                 and
         (2)   promptly file a supplemental statement if any required information
                 changes.

**APPENDIX G**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
                              :
                              :
         V.                   :          Civil Action
                              :          No: _____
ALLSTATE MARKETING GROUP, LLC :
```

DISCLOSURE STATEMENT FORM

Please check one box:

❏　　　　　The nongovernmental corporate party,  Allstate Marketing Group, LLC
, in the above listed civil action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

❏　　　　　The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and
publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____


_____              _____
Date                                 Signature

                    Counsel for:  Defendants _____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)　Who Must File; Contents.　A nongovernmental corporate party must file
two copies of a disclosure statement that:

(1)　identifies any parent corporation and any publicly held corporation
owning 10% or more of its stock;  or

(2)　states that there is no such corporation.

(b) Time To File; Supplemental Filing.　A party must:

(1)　file the disclosure statement with its first appearance, pleading,
petition, motion, response, or other request addressed to the court;
and

(2)　promptly file a supplemental statement if any required information
changes.

**IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANIECE EISENHART | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | |
| HSNi, LLC and | : | |
| ALLSTAR MARKETING GROUP, LLC | : | |

## NOTICE OF REMOVAL

AND NOW, comes defendants, HSNi, LLC and Allstar Marketing Group, LLC, for the purpose only of removing the cause to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.     This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, No. 200200353.

2.     On April 23, 2020, plaintiff filed an Amended Complaint.   (See attached true and correct copy of the Amended Complaint marked as Exhibit "A").

3.     The averments made herein are true and correct with respect to the date and time upon which the Amended Complaint was filed and served and the date upon which this notice is being filed.

4.     This suit is of a civil nature and involves a controversy between citizens of different states.   Plaintiff is a citizen of the Commonwealth of Pennsylvania.   Defendant, HSNi, LLC, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in St. Petersburg, FL.   Defendant, Allstar Marketing Group, LLC, is a limited liability company organized under the laws of the State of New York with a principal place of business located at 2 Skyline Drive, Suite 225, Hawthorne, New York 10532.

5.      Defendants, HSNi, LLC and Allstar Marketing Group, LLC, have simultaneously with the filing of this notice, given written notice to the plaintiff.

6.      Defendants, HSNi, LLC and Allstar Marketing Group, LLC, are also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

7.      The Complaint was filed in order to assert claims against the Defendants, HSNi, LLC and Allstar Marketing Group, LLC, for personal injuries allegedly sustained in an incident that occurred on or about October 4, 2018.

8.      Defendants, HSNi, LLC and Allstar Marketing Group, LLC, seek to remove this matter to the United State District Court for the Eastern District of Pennsylvania. Defendants, HSNi, LLC and Allstar Marketing Group, LLC, assert that the amount in controversy in this matter exceeds $75,000 based on the amended complaint requesting an amount in excess of $50,000 and the allegations in the amended complaint alleging that plaintiff's injuries include: a concussion, multiple linear corneal abrasions, traumatic hyphema, retinal hemorrhage, retinal tears in the left eye, surgical repair of the retinal tears in the left eye, and ongoing headaches, vision loss, visual disturbances and pain in the left eye. As the moving party, defendants, HSNi, LLC and Allstar Marketing Group, LLC, bear the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mutual Automobile Insurance Company, 961 F.Supp.  808, 810 (E.D. Pa. 1997).

9.      In determining whether the jurisdiction amount has been satisfied, the Court must first look at the complaint.   Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

10.     The underlying lawsuit demands an amount "in an amount in excess of $50,000 and alleges injuries which include: a concussion, multiple linear corneal abrasions, traumatic hyphema,

retinal hemorrhage, retinal tears in the left eye, surgical repair of the retinal tears in the left eye, and ongoing headaches, vision loss, visual disturbances and pain in the left eye.   .   Plaintiff in the present case, in addition to seeking amounts it may pay in settlement or by way of judgment, seeks reimbursement of counsel fees and costs in defending the underlying action.

WHEREFORE, defendants, HSNi, LLC and Allstar Marketing Group, LLC, hereby remove this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

BENNETT, BRICKLIN & SALTZBURG LLC

BY: _____

WARREN F. SPERLING
Attorney I.D. #36676
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 561-4300
Email: sperling@bbs-law.com
Attorney for Defendants, HSNi, LLC
and Allstar Marketing Group, LLC

Date:      May 13, 2020

## IN THE UNITED STATES DISTRICT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIECE EISENHART | : |
| | :   CIVIL ACTION NO. |
| vs. | : |
| | : |
| HSNi, LLC and | : |
| ALLSTAR MARKETING GROUP, LLC | : |

## NOTICE

To:     Jamie D. Jackson, Esquire
        ATLEE HALL, LLP
        415 North Duke Street
        Lancaster, PA 17602

Please take notice that defendants, HSNi, LLC and Allstar Marketing Group, LLC, have

filed a Notice of Removal to the United States District Court for the Eastern District of

Pennsylvania removing to that Court a civil action previously pending in the Court of Common

Pleas of Philadelphia County, entitled, Janiece Eisenhart v. HSNi, LLC and Allstar Marketing

Group, LLC, No. 200200353.

BENNETT, BRICKLIN & SALTZBURG LLC

BY: _____
        WARREN F. SPERLING, ESQUIRE
        Attorney I.D. #36676
        Centre Square, West Tower
        1500 Market Street, 32nd Floor
        Philadelphia, PA 19102
        (215) 561-4300
        Email: sperling@bbs-law.com
        Attorney for Defendants, HSNi, LLC
        and Allstar Marketing Group, LLC

Date:   May 13, 2020

## IN THE UNITED STATES DISTRICT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JANIECE EISENHART                          :
                                           :      CIVIL ACTION NO.
               vs.                         :
                                           :
HSNi, LLC and                              :
ALLSTAR MARKETING GROUP, LLC               :

### PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA        :
                                    :
COUNTY OF PHILADELPHIA              :

Warren F. Sperling, being duly sworn according to law, deposes and says that he is a

member in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendants, HSNi,

LLC and Allstar Marketing Group, LLC.

That he did direct the filing with the Prothonotary of the Court of Common Pleas of

Philadelphia County, a copy of the Notice of Removal, attached hereto, said filing to be made on

May 13, 2020.

                              **BENNETT, BRICKLIN & SALTZBURG LLC**

BY:    _____
                              WARREN F. SPERLING, ESQUIRE
                              Attorney I.D. #36676
                              Centre Square, West Tower
                              1500 Market Street, 32nd Floor
                              Philadelphia, PA 19102
                              (215) 561-4300
                              Email: sperling@bbs-law.com
                              Attorney for Defendants, HSNi, LLC
                              and Allstar Marketing Group, LLC

Sworn to and subscribed
before me this 13th day
of March, 2020.

_____
NOTARY PUBLIC

LISA NOT ... FRANCES
NOTARY PUBLIC OF NEW JER...
My Commission Expires 5/1/20...

**IN THE UNITED STATES DISTRICT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANIECE EISENHART | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | |
| HSNi, LLC and | : | |
| ALLSTAR MARKETING GROUP, LLC | : | |

## PROOF OF SERVICE

COMMONWEALTH OF PENNSYLVANIA    :
                                                   :

COUNTY OF PHILADELPHIA                 :

      Warren F. Sperling, being duly sworn according to law, deposes and says that he is a

member in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendants, HSNi,

LLC and Allstar Marketing Group, LLC, and that he did serve this 13th day of May, 2020, the

aforementioned notice to plaintiff upon the individual named below by electronic notification by

the Court or electronic mail:

Jamie D. Jackson, Esquire
ATLEE HALL, LLP
415 North Duke Street
Lancaster, PA 17602
jdjackson@atleehall.com

                                   **BENNETT, BRICKLIN & SALTZBURG LLC**

BY:

                                   WARREN F. SPERLING
                                   Attorney I.D. #36676
                                   Centre Square, West Tower
                                   1500 Market Street, 32nd Floor
                                   Philadelphia, PA 19102
                                   (215) 561-4300
                                   Email: sperling@bbs-law.com
                                   Attorney for Defendants, HSNi, LLC
                                   and Allstar Marketing Group, LLC

**Sworn to and subscribed**
**before me this** 13th **day**
**of** May **, 2020.**

_____
      NOTARY PUBLIC
      LISA NOTARFRANCESCO
      NOTARY PUBLIC OF NEW JERSEY
      My Commission Expires 5/1/2022

# Exhibit "A"

*Filed and Attested by the
Office of Judicial Records
23 APR 2020 01:24 pm
A. SILIGRINI*

Jaime D. Jackson, Esquire
PA No. 80448
jdjackson@atleehall.com
ATLEE HALL, LLP
415 North Duke Street
Lancaster, PA 17602
(717) 393-9596
(717) 393-2138 (facsimile)
Attorneys for Plaintiff

| | |
|---|---|
| **JANIECE EISENHART**<br>837 Heritage Hills Drive<br>York, PA 17402<br><br>Plaintiff<br><br>vs.<br><br>**HSNi, LLC**<br>c/o Corporation Service Company<br>2595 Interstate Drive<br>Suite 103<br>Harrisburg, PA 17110<br><br>and<br><br>**ALLSTAR MARKETING GROUP, LLC**<br>2 Skyline Drive<br>Suite 225<br>Hawthorne, NY 10532<br><br>Defendants | IN THE COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY,<br>PENNSYLVANIA<br><br>CIVIL ACTION<br><br>No. 200200353<br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
<u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER</u>

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, PA 19107**
**Telephone Number: (215) 238-1701**

<u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u>

**AVISO**

Le han demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telephone Number: (215) 238-1701

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  <u>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.</u>

<u>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.</u>

## PARTIES TO THE CAUSES OF ACTION

1.      Plaintiff Janiece Eisenhart is an adult individual residing at 837 Heritage Hills Drive, York, Pennsylvania 17402.

2.      Defendant HSNi, LLC (hereinafter "HSNi") is a Delaware corporation with a principal place of business located at 1 HSN Drive, St. Petersburg, Florida 33729. Defendant HSNi is registered to do business in the Commonwealth of Pennsylvania. Defendant HSNi has a registered agent in the Commonwealth of Pennsylvania located at Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.

3.      Defendant Allstar Marketing Group, LLC (hereinafter "Allstar") is a limited liability company with a principal place of business located at 2 Skyline Drive, Suite 225, Hawthorne, New York 10532.

4.      At all times material hereto, Defendants were engaged in the business of importing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly, numerous consumer products, including the Squat Magic, throughout the United States, including in the Commonwealth of Pennsylvania.

5.      At all times material hereto, Defendants imported, distributed, marketed and/or sold the Squat Magic throughout the United States, including in the Commonwealth of Pennsylvania and, specifically, Philadelphia County.

6.      At all times material hereto, Defendants conducted and continue to conduct substantial and continuous business in the Commonwealth of Pennsylvania and, specifically, Philadelphia County.

## VENUE

7.     Venue is proper in this Court pursuant to the dictates of Pa.R.C.P. 1006(c)(1) and Pa.R.C.P. 2179 (a)(2) because both Defendants regularly conduct business in Philadelphia County.

## STATEMENT OF MATERIAL FACTS

8.     The Squat Magic is an exercise device designed to provide assistance with squat movements. A picture of the Squat Magic is embedded below:



9.     The Squat Magic is comprised of a base part for supporting the device against a surface, a first tube component attached to the base part, a second tube component movable with respect to the first tube component, two resistance bands that provide extra support by resisting the downward movement of the second tube component, and a seat attached to the second tube.

Case ID: 200200353

10.     The two resistance bands can be attached at one of three different heights in order to change the resistance level. The bands are secured at the three different attachment points with a plastic disc that fits into one of the attachment points.

11.     The Squat Magic is available through a number of different e-commerce companies, as well as numerous free-to-air television networks that sell products over the television to consumers, such as Defendant HSNi.

12.     On or about January 26, 2018, a Squat Magic was purchased by Plaintiff's mother, Jean Eisenhart, via Defendant HSNi's website.

13.     The Squat Magic was expected by Defendants to reach and did reach the user, Plaintiff, without substantial change to the condition in which it was manufactured and sold.

14.     Plaintiff used the Squat Magic as intended, and it was not altered or changed in any material way.

15.     On or about October 4, 2018, Plaintiff was using the Squat Magic when one of the bands snapped free, striking her in the face.

16.     One of the Squat Magic's plastic discs, which is approximately the size of a quarter, struck Plaintiff's left eye.

17.     Plaintiff's left eye became very painful and swollen upon being struck by the plastic disc, and she experienced vision loss.

18.     Plaintiff immediately presented to Memorial Hospital in York, Pennsylvania, where she was diagnosed with a concussion, and an examination revealed multiple linear corneal abrasions on her left eye.

19.      Plaintiff was subsequently diagnosed with traumatic hyphema, retinal hemorrhage, and retinal tears in her left eye.

20.     Plaintiff required surgical repair of the retinal tears in her left eye.

21.     To date, Plaintiff suffers from ongoing headaches, vision loss, visual disturbances, and pain in her left eye.

22.     As a direct and proximate result of the conduct of Defendants, Plaintiff endured severe pain and suffering, anguish and distress, scarring and disfigurement, and the loss of life's pleasures, and will continue to suffer such losses into the future, for all of which damages are claimed.

23.     As a direct and proximate result of the conduct of Defendants, Plaintiff has incurred significant costs and expenses for medical care and treatment of her injuries and will continue to incur such expenses into the future, for all of which damages are claimed.

24.     As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered a loss of earnings and loss of earning capacity and will continue to suffer such losses into the future, for all of which damages are claimed.

## COUNT I

## Janiece Eisenhart v. HSNi, LLC

## STRICT LIABILITY

25.     Paragraphs 1 through 24 of Plaintiff's Amended Complaint are incorporated herein by reference.

26.     The Squat Magic was in a defective condition at the time it left the possession and control of Defendant HSNi.

27.     The Squat Magic is inherently dangerous and defective, unfit, and unsafe for its intended and reasonably foreseeable use.

28. The Squat Magic was not substantially changed or altered prior to its use, and it was used in the manner for which it was intended and/or in a reasonably foreseeable manner.

29. The Squat Magic does not meet or perform to the expectations of ordinary consumers, and the risks of the Squat Magic to consumers outweigh the benefits.

30. Defendant HSNi is strictly liable for one or more of the following:

    a. Importing, distributing, selling, and/or marketing the Squat Magic, a defective and unreasonably dangerous product;

    b. Supplying the Squat Magic to Plaintiff in an unsafe and defective condition;

    c. Importing, distributing, selling and/or marketing the Squat Magic, which was defectively designed because the resistance band snapped free projecting a plastic disc in Plaintiff's eye;

    d. Failing to inspect and/or ensure that the Squat Magic was safe for an ordinary consumer's use; and

    e. Importing, distributing, selling, and/or marketing the Squat Magic, which was not safe for its intended or reasonably foreseeable use.

31. The defective Squat Magic was the direct, proximate and producing cause of Plaintiff's injuries and damages. Under Section 402A, Restatement (Second) of Torts, Defendant HSNi is strictly liable to Plaintiff for all damages claimed in this case.

32. As a direct and proximate result of the inactions and actions of Defendant HSNi, as set forth above, Plaintiff sustained severe and permanent injuries, as set forth in paragraphs 19-24 of Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff Janiece Eisenhart demands judgment against Defendant HSNi, LLC, in an amount in excess of $50,000.00, together with costs and interest thereon as allowed by law.

## COUNT II

## Janiece Eisenhart v. HSNi, LLC

## NEGLIGENCE

33.     Paragraphs 1 through 32 of Plaintiff's Amended Complaint are incorporated herein by reference.

34.     Defendant HSNi owed a duty to consumers and the general public, who are the foreseeable end-users of the product, and specifically to Plaintiff, to use reasonable care in the selling, advertising, marketing and distribution of the Squat Magic.

35.     Defendant HSNi breached its duty of care and was negligent in one or more of the following particulars:

    a.  Failing to ensure that the Squat Magic was reasonably safe for its intended or foreseeable use before importing it and selling it to customers in the United States, including the Commonwealth of Pennsylvania;

    b.  Failing to use reasonable care in importing, selling and/or marketing the Squat Magic;

    c.  Importing, distributing, selling and/or marketing the Squat Magic, which was defectively designed because the resistance band snapped free projecting a plastic disc in Plaintiff's eye;

    d.  Failing to use reasonable care in inspecting the Squat Magic and/or failing to ensure that the Squat Magic was safe for an ordinary consumer's use; and

    e.  Importing, distributing, selling and/or marketing the Squat Magic, which was not safe for its intended or reasonably foreseeable use.

36.     Defendant HSNi's failure to exercise reasonable care, as set forth above, was a direct, proximate, and producing cause of Plaintiff's injuries and damages.

37.     As a direct and proximate result of the inactions and actions of Defendant HSNi, as set forth above, Plaintiff sustained severe and permanent injuries, as set forth in paragraphs 19-24 of Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff Janiece Eisenhart demands judgment against Defendant HSNi, LLC, in an amount in excess of $50,000.00, together with costs and interest thereon as allowed by law.

## COUNT III

### Janiece Eisenhart v. Allstar Marketing Group, LLC

### STRICT LIABILITY

38.     Paragraphs 1 through 37 of Plaintiff's Amended Complaint are incorporated herein by reference.

39.     The Squat Magic was in a defective condition at the time it left the possession and control of Defendant Allstar.

40.     The Squat Magic is inherently dangerous and defective, unfit, and unsafe for its intended and reasonably foreseeable use.

41.     The Squat Magic was not substantially changed or altered prior to its use, and it was used in the manner for which it was intended and/or in a reasonably foreseeable manner.

42.     The Squat Magic does not meet or perform to the expectations of ordinary consumers, and the risks of the Squat Magic to consumers outweigh the benefits.

43.     Defendant Allstar is strictly liable for one or more of the following:

    a.   Importing, distributing, selling, and/or marketing the Squat Magic, a defective and unreasonably dangerous;

    b.   Supplying the Squat Magic to Plaintiff in an unsafe and defective condition;

    c.   Importing, distributing, selling and/or marketing the Squat Magic, which was defectively designed because the resistance band snapped free projecting a plastic disc in Plaintiff's eye;

    d.   Failing to inspect and/or ensure that the Squat Magic was safe for an ordinary consumer's use; and

    e.   Importing, distributing, selling and/or marketing the Squat Magic, which was not safe for its intended or reasonably foreseeable use.

44.    The defective Squat Magic was the direct, proximate and producing cause of Plaintiff's injuries and damages. Under Section 402A, Restatement (Second) of Torts, Defendant Allstar is strictly liable to Plaintiff for all damages claimed in this case.

45.    As a direct and proximate result of the inactions and actions of Defendant Allstar, as set forth above, Plaintiff sustained severe and permanent injuries, as set forth in paragraphs 19-24 of Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff Janiece Eisenhart demands judgment against Defendant Allstar Marketing Group, LLC, in an amount in excess of $50,000.00, together with costs and interest thereon as allowed by law.

## COUNT IV

## Janiece Eisenhart v. Allstar Marketing Group, LLC

## NEGLIGENCE

46.    Paragraphs 1 through 45 of Plaintiff's Amended Complaint are incorporated herein by reference.

47.    Defendant Allstar owed a duty to consumers and the general public, who are the foreseeable end-users of the product, and specifically to Plaintiff, to use reasonable care in the selling, advertising, marketing and distribution of the Squat Magic.

48.    Defendant Allstar breached its duty of care and was negligent in one or more of the following particulars:

    a.   Failing to ensure that the Squat Magic was reasonably safe for its intended or foreseeable use product before importing it and selling it to customers in the United States, including the Commonwealth of Pennsylvania;

    b.   Failing to use reasonable care in selling and/or marketing the Squat Magic;

     c.   Importing, distributing, selling and/or marketing the Squat Magic, which was defectively designed because the resistance band snapped free projecting a plastic disc in Plaintiff's eye;

     d.   Failing to use reasonable care in inspecting the Squat Magic and/or failing to ensure that the Squat Magic was safe for an ordinary consumer's use; and

     e.   Importing, distributing, selling and/or marketing the Squat Magic, which was not safe for its intended or reasonably foreseeable use.

49. Defendant Allstar's failure to exercise reasonable care, as set forth above, was a direct, proximate, and producing cause of Plaintiff's injuries and damages.

50. As a direct and proximate result of the inactions and actions of Defendant Allstar, as set forth above, Plaintiff sustained severe and permanent injuries, as set forth in paragraphs 19-24 of Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff Janiece Eisenhart demands judgment against Defendant Allstar Marketing Group, LLC, in an amount in excess of $50,000.00, together with costs and interest thereon as allowed by law.

Respectfully submitted:

Dated:  4/23/20                          ATLEE HALL, LLP

                                        By:___/s/Jaime D. Jackson_____
                                            Jaime D. Jackson, Esquire
                                            415 North Duke Street
                                            Lancaster PA 17602
                                            (717) 393-9596
                                            Facsimile (717) 393-2138
                                            Attorney for Plaintiff
                                            PA ID No. 80448

Case ID: 200200353

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Jaime D. Jackson, Esquire

Signature: /s/Jaime D. Jackson

Name:  Jaime D. Jackson, Esquire

Attorney No. 80448

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day caused a true and correct copy of the foregoing

document, to be served upon the following persons by EMAIL ONLY as follows:


Warren F. Sperling, Esquire
Alexander D. Torres, Esquire
torres@bbs-law.com
Bennett, Bricklin & Saltzburg, LLC
Center Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(Attorneys for Defendants)


Dated:  4/23/20                                    ATLEE HALL, LLP

                                                   By:___/s/Jaime D. Jackson_____
                                                         Jaime D. Jackson, Esquire
                                                         Melissa A. Jabour, Esquire
                                                         Attorneys for Plaintiff
                                                         415 North Duke Street
                                                         Lancaster, PA 17602
                                                         (717) 393-9596
                                                         I.D. Nos. 880448 & 316076

## **VERIFICATION**

*Filed and Attested by the
Office of Judicial Records
23 APR 2020 01:24 pm*

I hereby verify that the facts contained in the Amended Complaint are true and correct to

the best of my knowledge, information and belief.  I understand that false statements herein are

made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to

authorities.

Dated:  _04/08/2020_

_____
Janiece M. Eisenhart

_____
Print Name Here

Case ID: 200200353