IN THE UNITED STATES DISTRCT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANIECE EISENHART | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | No. 2:20-cv-02268 |
| | : | |
| HSNi, LLC and | : | |
| ALLSTAR MARKETING GROUP, LLC | : | |
| | : | |
| Defendants | : | |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on July 2, 2020 and submit the following report of their meeting for the court's consideration:

### 1. Discussion of Claims, Defenses and Relevant Issues

*You should assume that the court has read the complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, **counsel shall set forth concisely the factual background that the parties contend support their claims and defenses.***

*Summarize your discussion of primary issues, threshold issues and those issues on which the parties will need to conduct discovery. Identify what information each party needs in discovery as well as when and why. Also indicate likely motions and their timing.*

### A. By Plaintiff:

The Squat Magic is an exercise device designed to provide assistance with squat movements. The Squat Magic is comprised of a base part for supporting the device against a surface, a first tube component attached to the base part, a second tube component movable with respect to the first tube component, two resistance bands that provide extra support by resisting the downward movement of the second tube component, and a seat attached to the second tube. The two resistance bands can be attached at one of three different heights in order to change the resistance level. The bands are secured at the three different attachment points with a plastic disc that fits into one of the attachment points. The Squat Magic is available through a number of different e-commerce companies, as well as numerous free-to-air television networks that sell products over the television to consumers, such as Defendant HSNi.

In January 2018, a Squat Magic was purchased by Plaintiff's mother, Jean Eisenhart. The product was manufactured and sold by Defendants. On or about October 4, 2018, Plaintiff was using the Squat Magic as intended, when one of the bands snapped free, striking her in the face. One of the Squat Magic's plastic discs, which is approximately the size of a quarter, struck Plaintiff's left eye. Plaintiff's left eye became very painful and swollen upon being struck by the plastic disc, and she experienced vision loss. Plaintiff immediately presented to Memorial Hospital in York, Pennsylvania, where she was diagnosed with a concussion, and an examination revealed multiple linear corneal abrasions on her left eye. Plaintiff was subsequently diagnosed with traumatic hyphema, retinal hemorrhage, and retinal tears in her left eye. Plaintiff required surgical repair of the retinal tears in her left eye. To date, Plaintiff suffers from ongoing headaches, vision loss, visual disturbances, and pain in her left eye.

Plaintiff will conduct written discovery on the design, manufacture, testing and analysis of the subject product before it was sold, other similar incidents and complaints, as well as the relationships between the defendants. Plaintiff will also take corporate designee depositions on these topics as well as individual employee depositions of the defendants.

### B. By Defendants:

The Squat Magic described in Plaintiff's Amended Complaint was imported, distributed and sold by Allstar Marketing Group, LLC (hereinafter "Allstar") and sold and marketed by HSNi, LLC (hereinafter "HSNi"). Neither Allstar nor HSNi designed or manufactured the product in question. Allstar purchased the Squat Magic from High Street TV, which is based in the United Kingdom. Defendants anticipate the possible filing of a Third Party Complaint against High Street TV and any other entities involved in the design and manufacturing of the Squat Magic.

The primary issues in this case are liability, causation and damages, including the nature and extent of Plaintiff's injuries. Defendants will conduct discovery on the aforementioned issues, including, but not limited to, Plaintiff's use of the Squat Magic, the incident in question, her medical history prior to the incident, her medical treatment following the incident, and her alleged economic losses. Defendants believe that written discovery, document production, depositions, an independent medical examination of Plaintiff, and expert examination of the Squat Magic will be required in order to address the above-described issues.

### 2.    Informal Disclosures

*State the parties' agreement on timing, form and scope of informal disclosures. Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally.*

**A.  By Plaintiff:**

Plaintiff made her Rule 26(a) initial disclosures on June 16, 2020. The following individuals have been disclosed by Plaintiff:

1.      Janiece Eisenhart, 837 Heritage Hills Drive, York, Pennsylvania 17402

Ms. Eisenhart is the plaintiff in this action and has discoverable information regarding the incident and her damages sustained as a result.

2.      Jean Eisenhart, 1331 Wellington Drive, York, Pennsylvania 17408

Jean Eisenhart is plaintiff's mother who purchased the machine for Plaintiff.

3.      Leonard Bentivegna, 3716 Bedfordshire Drive, York, Pennsylvania 17402

Mr. Bentivegna is Plaintiff's son-in-law and was the person who took Plaintiff to the hospital after the incident. He also took the video of the examination and has helped in her care.

4.      Shana Bentivegna, 3716 Bedfordshire Drive, York, Pennsylvania 17402

Ms. Bentivegna is Plaintiff's daughter and can testify to damages.

5.      Ryan Quinlivan, 245 Steepbank Road, Lancaster, Pennsylvania 17602

Mr. Quinlivan is Plaintiff's son and can testify to damages.

6.      Robert Pullo, 1537 E. Market Street, York, Pennsylvania 17403

Mr. Pullo is Plaintiff's business partner. He can testify to Plaintiff's damages, specifically as they relate to the effect on her work and time off for recovery.

7.      Jeffrey Lander, M.D., Leader Heights Eye Center, 309 Leaders Heights Road, York, Pennsylvania 17402

Dr. Lander was Plaintiff's treating ophthalmologist.

8.      Howard Hartzell, O.D., Leader Heights Eye Center, 309 Leaders Heights Road, York, Pennsylvania 17402

Dr. Hartzell was Plaintiff's treating optometrist.

9.      Jay Prensky, M.D. (deceased), Pennsylvania Retina Specialists, 1600 Sixth Avenue, York, Pennsylvania 17403

Dr. Prensky was Plaintiff's treating retinal specialist.

10.     Robert Sergott, M.D., Will's Eye Hospital, 840 Walnut Street, Suite 930, Philadelphia, Pennsylvania 19107

Dr. Sergott was Plaintiff's treating ophthalmologist.

11.     Katherine Fallano, M.D., Mid Atlantic Cornea Consultants, 40 York Road #500, Towson, Maryland 21204

Dr. Fallano was Plaintiff's treating ophthalmologist.

12.     Stacey Knosky, BS, NCMT, 2340 Eastern Boulevard, York, Pennsylvania 17402

Ms. Knosky was Plaintiff's massage therapist who assisted with manual lymph drainage, facial and sacral massage.

13.     Natalie Spagnola, DC, 2215 East Market Street, York, Pennsylvania 17403

Dr. Spagnola is Plaintiff's treating chiropractor.

14.     UPMC Pinnacle Memorial Hospital personnel, 1701 Innovation Drive, York, Pennsylvania 17408

Please refer to Plaintiff's medical records for individuals who treated her on the date of injury.

The following documents have been disclosed by Plaintiff:
1. Medical Records and bills from the following providers:
    a. Leader Heights Eye Center
    b. UPMC Pinnacle Memorial Hospital
    c. Mid Atlantic Cornea Consultants
    d. Pennsylvania Retina Specialists, P.C.
    e. WellSpan Health Womens and Imaging Center
    f. Wills Eye Institute
    g. Journeys Holistic Health & Wellness Center
    h. Harmonic Balance Chiropractic LLC
2. Photographs of Plaintiff's injuries
3. Video of eye examination by Mr. Leonard Bentivegna
4. Journal notes by Plaintiff- October 2018
5. HSN receipt- 01/26/2018 Order ID 1486870669
6. Order history screen shot by Jean Eisenhart
7. Employment and tax records

4

The following damages have been disclosed by Plaintiff:

Plaintiff is claiming permanent and catastrophic injuries as a result of the subject incident, and resulting loss of income, earnings and earning capacity (past and future, with reduction for personal consumption), past and future medical expenses to be determined, scarring, extreme pain and suffering/mental and emotional distress and anxiety, continuing into the future. The amount of these damages, to the extent they can be calculated, has not yet been determined.

**By Defendants:**

The following individuals have been identified by Defendants:

1.     Plaintiff, Janiece Eisenhart

Plaintiff, Janiece Eisenhart, is believed to have personal knowledge of the purchase and/or use of the Squat Magic, the alleged incident that occurred on or about October 4, 2018, as described in Plaintiff's Amended Complaint (hereinafter the "Subject Incident"), as well as the nature of the alleged damages claimed by Plaintiff.

2.     Jean Eisenhart

Jean Eisenhart is Plaintiff's mother and is believed to have personal knowledge of the purchase and/or use of the Squat Magic, the Subject Incident, as well as the nature of the alleged damages claimed by Plaintiff.

3.     Representatives HSNi, LLC and Allstar Marketing Group, LLC

Representatives of Defendants, HSNi, LLC and Allstar Marketing Group, LLC, are believed to have knowledge of the marketing, sale, and transportation of the Squat Magic.

4.     Representatives of High Street TV Group, Ltd.

Representatives of High Street TV Group, Ltd. are believed to have knowledge of the design, manufacture, marketing, sale, and transportation of the Squat Magic.

5.     All medical professionals who provided any medical treatment prior to and following the Subject Incident, including but not limited to all physicians, nurses, physician's assistants, medical technicians, hospital administrators, or other individuals that participated in or have knowledge of any medical treatment provided to Plaintiff, Janiece Eisenhart, including the cost of such treatment.

6.     Other individuals that may be named and/or disclosed by any party during further discovery efforts subsequent to the instant Initial Disclosures.

The following documents were identified by Defendants:

1.     Proof Sheet for Purchase Order #278841, dated January 9, 2018;

2.     Product Specification for the Squat Magic;

3.     HSNi, LLC Voice of Customer Report regarding the Squat Magic (objection will be made to the production of this document on the basis that it is overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence);

4.     International Distribution Agreement between Allstar Marketing Group, LLC and High Street TV Group, Ltd. (objection will be made to the production of this document on the basis that it is confidential and proprietary);

5.     HSNi, LLC Purchase Order History of Jean Eisenhart; and

6.     All other documents that may be identified and/or disclosed by any party during further discovery efforts.

Defendants are not claiming any damages at the present time.

Allstar Marketing Group, LLC is insured by Liberty Mutual Insurance Company with a policy limit of $1 million.  Its policy is providing defense and indemnification to HSNi, LLC.  Additionally, Allstar Marketing Group, LLC has an excess policy with XL Specialty Insurance with policy limits of $10 million.

### 3.     Formal Discovery

*Indicate nature, sequence and timing of formal discovery, as well as any need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions. Specifically delineate what discovery will be conducted formally.*

*The discovery deadline should normally be no more than 120 days from the date of the Rule 16 pretrial conference.  If the parties believe there are compelling reasons for a longer period of discovery, state them.*

*The parties are required to address procedures to preserve electronically stored information, to avoid inadvertent privilege waivers, and to determine the form in which electronic information will be produced.  The cost of producing the information must be discussed.*

*The parties shall discuss the parameters of their anticipated ediscovery at the Rule 26(f) conference and shall be prepared to address e-discovery at the Rule 16 scheduling*

*conference with the court.  It is expected that the parties will reach an agreement on how to conduct e-discovery.*

Plaintiff served written discovery on June 3, 2020. Defendants anticipate serving written discovery no later than July 16, 2020.

The parties anticipate the need for a joint protective order in light of the anticipated discovery of documents and other material relating to the design, manufacture, disbursement, and sale of the subject product.  The parties are in the process of negotiating the terms of a joint protective order.

The parties anticipate that the depositions of Plaintiff, Jean Eisenhart, Leonard Bentivegna, Shana Bentivegna, Ryan Quinlivan, Robert Pullo, a corporate designee on behalf of Defendants, and individual employees involved in the design and sale of the subject product will need to be taken along with any other witnesses to be identified. Additionally, Defendants anticipate the independent medical examination of Plaintiff and an expert examination of the Squat Magic.

Counsel certify that they have conferred about the discovery of electronically stored information.  The parties agree that they will comply with the Federal Rules of Civil Procedure regarding written discovery and e-discovery.

The parties jointly request a discovery deadline of November 18, 2020.

**4.      Expert Witness Disclosures**

*Indicate agreement on timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses, including whether depositions of experts will be needed.*

*The parties should expect that the court requires expert reports to be exchanged simultaneously.  If there are compelling reasons to stagger the production of expert reports, state them.*

Defendants request that the deadline for their expert disclosures be thirty days following the deadline for Plaintiff's expert disclosures, given the nature of Plaintiff's injuries and the complexities involving the subject product.  Counsel have discussed this, and Plaintiff's counsel agrees to stagger the production of expert reports.

The parties jointly request a deadline for Plaintiff's expert disclosures of December 18, 2020, and a deadline for Defendants' expert disclosures of January 18, 2021.  The parties also jointly request a deadline for Plaintiff's and Defendants' expert depositions of February 17, 2021.

5.      **Early Settlement or Resolution**

*The parties must familiarize themselves with Local Rule 53.3. Recite the parties' discussion about early resolution through ADR and state what steps were taken by counsel to advise the client of alternative dispute resolution options. Explain any decision not to seek early resolution. State what mediation options the parties may consider and when mediation would be appropriate.*

The parties have familiarized themselves with Local Rule 53.3. At this time, the parties are not in a position to consider an early settlement conference.

6.      **Magistrate Jurisdiction**

*Indicate discussion between the parties about having the entire matter transferred to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.*

The parties have discussed having a magistrate judge preside as the judge of the case. The parties do not agree to proceed before a magistrate judge.

7.      **Trial date**

*State the parties' agreement on the three or four week range of time during which the case will be assigned to a trial pool or given a trial date certain.*

The parties agree to a trial date any time after April 21, 2021. The parties request a trial date certain.

## 8.      Other Matters

*Indicate discussion and any agreement on matters not addressed above.*

        None at this time.

                                        Respectfully submitted:

ATLEE HALL, LLP                         BENNETT, BRICKLIN &
                                        SALTZBURG LLC

By:      /s/Jaime D. Jackson            By: _____
Jaime D. Jackson, Esquire               WARREN F. SPERLING
415 North Duke Street                   Attorney I.D. 36676
Lancaster PA 17602                      Centre Square, West Tower
(717) 393-9596                          1500 Market Street, 32nd Floor
Facsimile (717) 393-2138                (215) 561-4300 / (215) 561-6661 – fax
Attorney for Plaintiff                  sperling@bbs-law.com
PA ID No. 80448                         Attorney for Defendants,
                                        HSNi, LLC and Allstar Marketing
                                        Group, LLC

Date: July 16, 2020